17-2455
Zhao v. Barr

BIA
Lamb, IJ
A206 052 320

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand nineteen.

PRESENT:
        PIERRE N. LEVAL,
        REENA RAGGI,
        CHRISTOPHER F. DRONEY,
          *Circuit Judges.*
_____

QINGHONG ZHAO,
        *Petitioner,*

        v.                         17-2455
                                       NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Wei Gu, Albertson, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Carl H. McIntyre, Assistant Director; Justin R. Markel, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qinghong Zhao, a native and citizen of the People's Republic of China, seeks review of a July 13, 2017, decision of the BIA affirming a November 7, 2016, decision of an Immigration Judge ("IJ") denying Zhao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qinghong Zhao,* No. A 206 052 320 (B.I.A. July 13, 2017), *aff'g* No. A 206 052 320 (Immig. Ct. N.Y. City Nov. 7, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76–77 (2d Cir. 2018). In making a credibility determination, the agency must "[c]onsider[] the totality of the circumstances" and may base a finding on the applicant's "demeanor, candor, or responsiveness . . . , the

inherent plausibility of the applicant's . . . account," inconsistencies in the applicant's statements or between her statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. As discussed below, substantial evidence supports the adverse credibility determination.

Inconsistencies

The IJ reasonably relied on inconsistencies in Zhao's testimony and between her testimony, application, and documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64, 166–67. Zhao's asylum application represented that family planning officials visited her once and she immediately confessed that she was pregnant and begged for mercy. But Zhao testified that officials came to her house several times before her abortion, suggested that a private clinic may have alerted officials

3

about her pregnancy, and omitted mention of her confession and plea for mercy. Zhao had no explanation for these discrepancies, so the agency was permitted to rely on them. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005); *see also Xiu Xia Lin*, 534 F.3d at 167.

Zhao argues the IJ failed to apportion enough weight to her documentary evidence. However, her evidence mainly consisted of letters from relatives in China, which the agency is not required to credit. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from alien's friends and family insufficient support because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Nor did the agency err in discounting the abortion certificate Zhao submitted because it undermined rather than rehabilitated her credibility. The certificate, issued by a hospital in China, stated that Zhao underwent an "abortion operation" on October 25, 2012. But Zhao testified that she

4

did not receive any medical documents related to the abortion, she did not recognize the certificate or know its contents when confronted with it, and she could not explain why she presented a copy and not the original. The IJ was not required to accept Zhao's self-serving statement that she was truthful as it did not resolve her lack of familiarity with her own evidence. *Majidi*, 430 F.3d at 80. Zhao attempts to explain that she suffered a "memory lapse" not uncommon among trauma victims and posits that she might have "thr[own] [the abortion certificate] in a pile of papers and never looked at it." Even if such an explanation were plausible, we decline to attempt to reconcile Zhao's inconsistent statements after the fact. *See Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 77 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 297, 305 (2d Cir. 2007).

The agency did not err in finding that the record undermined Zhao's claim that her abortion was forced rather than voluntary, as she did not hide or attempt to evade authorities despite testifying to several visits from family planning officials prior to the abortion. 8 U.S.C. § 1158(b)(1)(B)(iii) (agency may rely on "any other relevant factor"). Moreover, as the BIA noted, the abortion

5

certificate from China undermined, rather than bolstered, her claim because China issues "abortion certificates" for voluntary abortions—not forced abortions—so that individuals who have undergone voluntary abortions may obtain government benefits. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007); *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

Finally, Zhao waives any challenge to the IJ's demeanor finding, to which we defer, particularly where, as here, the record supports the finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (providing that issues not raised in an opening brief are waived); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (giving "particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe . . . demeanor places her in the best position to evaluate [] apparent problems in the witness's testimony").

Given the inconsistency, omission, corroboration, and demeanor findings, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is

6

dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court

7